UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY SHARON WALKER, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION NO: 7:12-cv-00564 |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., D/B/A NEW ENGLAND COMPOUNDING CENTER, | ) ) ) ) |
| and | ) ) |
| IMAGE GUIDED PAIN MANAGEMENT, P.C., D/B/A INSIGHT IMAGING ROANOKE, | ) ) ) ) |
|    Defendants. | ) |

## NOTICE IN RESPONSE TO IMAGE GUIDED PAIN MANAGEMENT, P.C.'S MOTIONS TO DISMISS

On December 26, 2012, Defendant New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC") filed a Notice of Stay pursuant to 11 U.S.C. § 362(a). Accordingly, the instant action against NECC is stayed and adjudication of Image Guided Pain Management's Motions to Dismiss pursuant to F.R.C.P. §§ 12(b)(1) and 12(b)(6) violates the statutorily imposed stay.

The scope of the stay can extend to any proceeding that is related to a bankruptcy. *See In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987). "A proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Bass v. Denney*, 171 F.3d 1016, 1022 (5th Cir. 1999). More specifically, "'an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and…in any way

impacts upon the handling and administration of the bankruptcy estate.'" *Id*. Adjudication of IGPM's Motions could conceivably have an effect on the bankruptcy estate, as the dismissal of IGPM may forestall or hinder NECC's pursuit of claims for contribution and indemnification under theories of joint and several liability.  A primary purpose of the bankruptcy stay is to preserve the bankruptcy estate so as to ensure its equitable distribution to creditors through the bankruptcy. *In re S.I. Acquisition, Inc*., 817 F.2d at 1150.  Accordingly, to the extent that NECC may have rights of indemnity, contribution, or otherwise be entitled to an apportionment of liability against Image Guided Pain Management, P.C., adjudicating the instant motions will affect the estate thereby frustrating the intent of 11 U.S.C. § 362(a).  *See, e.g., In re Dow Corning*, 86 F.3d 482 (6th Cir. 1996).

Moreover, because Plaintiff's claims against IGPM and IGPM's Motions are related to the bankruptcy, the Chapter 11 Trustee in Bankruptcy has moved to transfer the instant action to the District of Massachusetts pursuant to 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 1334.  *See* Exhibit A, attached.  A briefing schedule has been established pursuant and responsive papers are due April 16, 2013.  It is respectfully submitted that, should this Court choose to hear IGPM's Motions, such consideration should be deferred until after a decision has been rendered on the Trustee's Transfer Motion.  Should the Transfer Motion be granted, this Court will not need to adjudicate either Image Guided Pain Management's Motion to Dismiss pursuant to F.R.C.P. § 12(b)(1) or their Motion to Dismiss pursuant to F.R.C.P. § 12(b)(6). In that likely event, this matter, along with hundreds like it, will be transferred to the District of Massachusetts, where claims similar to those brought by Plaintiff against IGPM, and attendant contribution and indemnity claims by and against healthcare providers, will be heard and adjudicated in a consistent manner.

Respectfully submitted,

NEW ENGLAND COMPOUNDING
PHARMACY, INC. D/B/A NEW ENGLAND
COMPOUNDING CENTER

By Counsel

_____/s/_____
Rebecca S. Herbig (VSB No. 66548)
BOWMAN AND BROOKE LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
Telephone:    804.649.8200
Facsimile:     804.649.1762
rebecca.herbig@bowmanandbrooke.com
*Counsel for New England Compounding Pharmacy,
Inc., d/b/a New England Compounding Center*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing Notice in Response to Image Guided Pain Management, P.C.'S Motions to Dismiss was filed via CM/ECF on this 2nd day of April, 2013, which will send a Notice of Electronic Filing (NEF) to the following counsel of record:

| | |
|---|---|
| Willard J. Moody, Jr., Esquire | John T. Jessee (VSB # 18745) |
| 500 Crawford Street, Suite 200 | Nancy F. Reynolds (VSB # 38236) |
| Portsmouth, Virginia 23705 | Michael P. Gardner (VSB #80380) |
| (757) 393-6020 | LeClairRyan |
| (757) 399-3019 | 1800 Wells Fargo Tower |
| | Drawer 1200 |
| Michael J. Miller, Esquire | Roanoke, Virginia 24006 |
| The Miller Firm, LLC | (540) 510-3037 |
| The Sherman Building | (540) 510-3050 facsimile |
| 108 Railroad Ave. | john.jessee@leclairryan.com |
| Orange, Virginia 22960 | nancy.reynolds@leclairryan.com |
| (540) 672-3055 | michael.gardner@leclairryan.com |
| *Counsel for Plaintiff* | *Counsel for Image Guided Pain Management, P.C.* |

_____/s/_____
Rebecca S. Herbig (VSB No. 66548)
BOWMAN AND BROOKE LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
Telephone:    804.649.8200
Facsimile:    804.649.1762
rebecca.herbig@bowmanandbrooke.com
*Counsel for New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center*